UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH HOWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV403 JCH |
| ) | |
| MIKE KEMNA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Kenneth Howard's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The matter is fully briefed and ready for disposition.

On December 5, 1997, a jury in the Circuit Court of St. Charles County, Missouri found Petitioner guilty of second degree murder, burglary in the first degree, and armed criminal action. (Response, Doc. No. 6, Ex. 6 at pg. 61-62). The trial court sentenced him to consecutive terms of life, 100 years, and fifteen years. (Id. at pg. 73). On September 28, 1999, the Missouri Court of Appeals affirmed Petitioner's conviction. (Id. at Ex. 9). On February 14, 2000, Petitioner filed a Rule 29.15 Motion for post-conviction relief in the Circuit Court of St. Charles County, Missouri, which was initially denied on December 5, 2000. (Id. at Ex.10). On November 6, 2001, the Missouri Court of Appeals affirmed the Rule 29.15 motion court's judgment in part and reversed and remanded it in part for the purpose of determining whether Petitioner had voluntarily waived his right to testify. (Id. at Ex. 15, pg. 5). On April 4, 2002 the Rule 29.15 motion court determined that Petitioner did

1

voluntarily waive his right to testify. (Id. at Ex. 15, pg. 51). The Missouri Court of Appeals affirmed this ruling on May 6, 2003. (Id. at Ex. 18).

In his § 2254 petition, filed April 8, 2004, Petitioner raises the following twenty five grounds for relief:

1. He received ineffective assistance of counsel because his trial and appellate attorneys failed to challenge the State's alleged violation of the extradition treaty between Canada and the United States;

2. He received ineffective assistance of counsel because his appellate attorney failed to move to quash the information based on the unconstitutionality of Mo. Rev. Stat. § 565.021(2) or to quash the information due to its failure to comport with the original charge;

3. He received ineffective assistance of counsel because his trial attorney failed to advise him of his right to a speedy trial and his appellate attorney failed to brief a speedy trial violation claim;

4. He received ineffective assistance of counsel because his trial attorney failed to object to the trial court ordering a presentence investigation, even though Petitioner had waived it, and his appellate attorney failed to raise this claim on appeal;

5. He received ineffective assistance of counsel because his trial attorney failed to move to have the prosecutor and a witness, who testified about ballistics evidence at a preliminary hearing, excluded from the trial because the witness allegedly committed perjury and his appellate attorney failed to raise the issue on appeal;

6. He received ineffective assistance of counsel because his trial attorney did not object to the prosecutor's "surprise" evidence and his appellate counsel failed to raise this issue on appeal;

7. He received ineffective assistance of counsel because his trial attorney conspired with the prosecutor to keep an exculpatory statement from petitioner and his appellate attorney failed to raise this ground on appeal;

8. He received ineffective assistance of counsel because his appellate attorney failed to raise a sufficiency of evidence claim;

9. He received ineffective assistance of counsel because his trial attorney failed to inform him of all defenses that could be presented, including the possibility of an Alford plea;

2

10. He received ineffective assistance of counsel because his trial and appellate attorneys failed to allege that too many people on the venire panel had social and political relationships with the employees of St. Charles County;

11. He received ineffective assistance of counsel because his trial attorney did not object when the State, during voir dire, informed the potential jurors that they would not be responsible for sentencing Petitioner;

12. He received ineffective assistance of counsel because his trial attorney failed to challenge the State's admissions of uncharged bad acts and crimes and his appellate attorney failed to raise the claim on appeal;

13. He received ineffective assistance of counsel because his trial attorney failed to object to the State's eliciting irrelevant evidence and his appellate attorney failed to raise this ground on appeal;

14. The trial court erred when it prevented admission of evidence that Petitioner had fled to Canada for reasons other than avoiding prosecution;

15. He received ineffective assistance of counsel because his trial attorney did not object to the State's theory that he had acted in concert with others when this was not in his information and his appellate attorney failed to raise this claim on appeal;

16. He received ineffective assistance of counsel because his trial attorney failed to object to inadmissible hearsay evidence and his appellate attorney refused to raise the claim on appeal;

17. He received ineffective assistance of counsel because his trial attorney failed to object to the use of "gruesome photographs" and his appellate attorney failed to raise the claim on appeal;

18. He received ineffective assistance of counsel when his trial counsel failed to object to jury instructions and his appellate attorney did not raise this ground on appeal;

19. He received ineffective assistance of counsel when his trial attorney failed to object to references by the State to facts not in the evidence;

20. He received ineffective assistance of counsel when his trial attorney told him he could not ask the State for assistance in having a defense expert witness;

21. He received ineffective assistance of counsel when his trial attorney told him he had an expertise in DNA evidence, but failed effectively to attack the evidence at trial;

22. He received ineffective assistance of counsel because his trial and appellate counsel failed to challenge John Rolston's testimony, which Petitioner alleges was self-contradictory and had no probative value;

23. He received ineffective assistance of trial counsel because his trial attorney failed to file a motion in limine or to object to the State using evidence seized outside their jurisdiction;

24. He received ineffective assistance of counsel because his trial attorney failed to object to the viewing of all the State's exhibits by the jury and his appellate attorney failed to raise this ground on appeal;

25. He received ineffective assistance of counsel because his trial and appellate attorneys lied to him and told him he would receive jail-time credit.

On July 1, 2004, Respondent filed his Response. (Doc. No. 6). On August 13, 2004, Petitioner filed his Traverse. (Doc. No. 10). The Court will address each ground for relief in turn.

## **DISCUSSION**

A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is entitled "'to relief on federal habeas corpus only upon proving that [his] detention violates . . . fundamental liberties . . . safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir. 1969), quoting Townsend v. Sain, 372 U.S. 293, 312 (1963). "'[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, a federal court is limited "'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110 Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C.

4

§§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000),citing Williams v. Taylor, 529 U.S. 362 (2000) (holding that the "contrary to" clause refers to the Supreme Court's holdings and not its dicta); see also Ramdass v. Angelone, 530 U.S. 156 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 529 U.S. at 412. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in

5

its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Id. at 1522.

## Exhaustion

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

The record demonstrates that Petitioner's claims are exhausted either because they have been properly raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

## Procedural Default

In **Ground 1**, Petitioner alleges his trial and appellate counsel should have argued that the State violated the extradition treaty between the Canada and the United State. In **Ground 2**, he

alleges his trial and appellate counsel were ineffective for not challenging the information. In **Ground 3**, he alleges that his trial and appellate counsel failed to advise him of his right to a speedy trial. In **Ground 4**, he alleges ineffective assistance of counsel because his attorneys did not challenge the trial court's decision to order a presentence investigation. In **Ground 5**, he alleges ineffective assistance of counsel because his attorneys failed to have the prosecutor and an officer excluded from trial. In **Ground 7**, he alleges ineffective assistance of counsel because his trial counsel conspired with the prosecutor to keep exculpatory statements from him and his appellate counsel failed to raise it on appeal. In **Ground 8**, he alleges ineffective assistance of counsel because his appellate counsel failed to brief a sufficiency of evidence claim. In **Ground 9**, Petitioner alleges ineffective assistance of counsel because he was not told of all possible defenses, including an <u>Alford</u> plea. In **Ground 10,** he alleges that his counsel was ineffective by not moving for a different jury. In **Ground 11**, he alleges ineffective assistance of counsel because his trial attorney failed to object to the trial judge informing the jury that they would not be responsible for sentencing and because his appellate counsel failed to pursue this ground. In **Ground 12**, he alleges his ineffective assistance of counsel because his attorneys failed to object to the State's use of uncharged crimes and bad acts evidence. In **Ground 13**, he alleges ineffective assistance of counsel because his trial and appellate counsel failed to challenge the State's introduction of irrelevant evidence. In **Ground 15**, he alleges ineffective assistance of counsel because his attorneys erred in not objecting to the prosecutor's argument that he acted in concert with others when this was not charged in his information. In **Ground 16**, he alleges ineffective assistance of counsel because his attorneys erred by failing to challenge inadmissible hearsay evidence offered by the State. In **Ground 17**, he alleges that his attorneys were ineffective when they failed to object to the use of gruesome photographs in evidence. In **Ground**

**18**, he alleges that his attorneys were ineffective by failing to object to and to argue that the prosecutor erroneously instructed the jury. In **Ground 19**, he alleges that his trial counsel was ineffective by not objecting to the prosecutor's reference to facts not before the jury. In **Ground 20**, he alleges his trial counsel was ineffective by telling him that he could not ask the state for a defense expert witness. In **Ground 21**, he alleges that his trial counsel was ineffective when he told Petitioner he was an expert on DNA evidence, but did not properly attack the State's DNA evidence. In **Ground 22**, he alleges his counsel was ineffective by not moving for a new trial or objecting to John Rolston's testimony. In **Ground 23**, he alleges that his attorneys were ineffective by not filing a motion in limine to suppress the evidence that arose from his detention in Canada. In **Ground 24**, he alleges that the jury was improperly allowed to view the State's exhibits before beginning deliberations. In **Ground 25**, he alleges ineffective assistance of counsel for being misled about his jail-time credit.

Petitioner failed to raise these claims in either his direct appeal or his appeal from the Rule 29.15 motion court's judgment. (Response, Doc. No. 6, at Ex. 7, 11). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citation omitted). A Missouri inmate defaults claims which should have been raised, but were not, on direct appeal or on appeal from the denial of a motion for post-conviction relief. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006). Because Petitioner has failed properly to raise these claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the

claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Regarding each of these claims, Petitioner has failed to make a showing of cause. He argues that his post-conviction counsels' decisions not to pursue all of his claims creates cause to excuse his procedural defects. There is no constitutional right to post-conviction counsel, and any claim that post-conviction was ineffective does not constitute cause for default. See Reese v. Delo, 94 F.3d 1177, 1182 (8th Cir. 1996) (citations omitted). Furthermore, Petitioner has made no showing that he is actually innocent; thus, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice.[1] Schlup v. Delo, 513 U.S. 298 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Accordingly, Grounds 1-5, 7-13, and 15-25 are procedurally defaulted and will be denied.

In **Ground 6**, Petitioner alleges that trial counsel was ineffective for failing to object to the State's "surprise evidence," and his appellate counsel erred by not raising this ground on appeal. Petitioner did not raise the claim about trial counsel on his appeal from the Rule 29.15 motion court's judgment. He did, however, properly bring this claim against the appellate counsel in state court. A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citation omitted). This Court therefore cannot reach the merits of the claim as it applies to his trial counsel absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of

---

[1] Even assuming Petitioner makes a claim that he is actually innocent, he still does not satisfy the exception. In order to raise the fundamental miscarriage of justice exception, Petitioner must make "a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995)(citations omitted), cert. denied, 516 U.S. 1161 (1996). Petitioner introduced no new evidence. This Court's refusal to entertain Petitioner's defaulted claims thus will not result in a fundamental miscarriage of justice.

justice." Coleman, 501 U.S. at 750. Plaintiff has failed to show cause or a fundamental miscarriage of justice. Thus, Ground 6 is procedurally defaulted as it pertains to Petitioner's trial counsel.

## Claims Addressed on the Merits

### Ground 6

In Ground 6, Petitioner asserts that his appellate counsel failed to raise a claim that the prosecutor improperly surprised the defense with evidence of a bullet hole in a sweater worn by Petitioner.

Petitioner raised this claim on his appeal from the Rule 29.15 motion court's judgment, and the Missouri Court of Appeals held as follows:

> In his second point, Movant alleges the motion court erred in denying, without an evidentiary hearing, Movant's 29.15 motion wherein he alleged his appellate counsel was ineffective for not raising a claim on direct appeal. Specifically, movant urges his appellate attorney should have pursued on appeal a claim that the trial court erred in not granting a mistrial or continuance because the State allegedly failed to timely disclose the presence of another hole in State's exhibit 77, the sweater Movant was wearing when he was shot.
>
> In its Findings of Facts, the motion court stated:
>
>> The State's trace evidence expert testified at trial that she only found the hole in the sweater the previous night while in the prosecuting attorney's office. Trial counsel moved for mistrial, or in the alternative, moved for a continuance, claiming surprise, and his inability to properly prepare for this new evidence.
>>
>> The trial court overruled both motions, finding the trial counsel had known of the existence of the sweater previously, had had the opportunity to examine the sweater earlier, knew of the State's claim of a through-and-through wound to [Movant] previously, and had an opportunity to interview the State's trace evidence expert prior to cross-examination. Trial counsel specifically raised the issue in his Motion for a New Trial, and the trial court denied the motion.
>
> In Franklin v. State, 24 S.W.3d 686, 691 (Mo. banc 2000), the Supreme Court

stated:

> In order to prove that he was deprived of the effective assistance of counsel on appeal, [Movant] must first show (1) that the actions of his appellate attorney were outside the wide range of professionally competent assistance, and (2) that his counsel's errors were so severe that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and (3) that counsel's deficient performance resulted in prejudice.
>
> To support a claim of ineffective assistance of appellate counsel, "strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized and asserted it." Id.
>
> In support of his claim of ineffective assistance of appellate counsel, Movant cites State v. Whitfield, 837 S.W.2d 503, 507-08 (Mo. banc 1992), wherein the Supreme Court reversed and remanded a conviction because the testimony of a surprise key witness and surprise evidence were improperly admitted at trial. Movant asserts that "under the authority of Whitfield, this issue, regarding the timeliness of the disclosure of the hole in the sweater, would have been successful" had his appellate counsel raised it on direct appeal.
>
> In the present case, defense counsel was not surprised by the sweater, but in fact prior to trial, he had known about the sweater, had an opportunity to examine the sweater and knew of the State's claim of a through-and-through wound on Movant. Further, Movant was not surprised that State's trace evidence expert was testifying, rather was surprised by her statement that she had found a second hole in the sweater. The trial court gave defense counsel an opportunity to interview the State's trace evidence expert prior to his cross-examination of her, thereby remedying any prejudice to Movant. Therefore, Movant's claim of error regarding surprise evidence is distinct from that in Whitfield and therefore would not mandate a reversal. Movant's appellate counsel did not fail to assert a claim that would have required a reversal and cannot, therefore, be considered ineffective. As to point two, we conclude that the motion court's findings and conclusions, including the denial of an evidentiary hearing and the denial of relief, were not clearly erroneous.
>
> Point two is denied.

(Response, Doc. No. 6 Ex. 13 at pgs. 3-5)(footnotes omitted).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C.

11

§ 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In order to demonstrate ineffective assistance of counsel, Petitioner must show (1) his counsel's performance was deficient, in that his representation fell below an objective standard of reasonableness; and (2) that such deficient performance prejudiced Petitioner, in that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 , 688, 694(1984). The Missouri Court of Appeals properly applied the Strickland standard.(Doc. No. 6 at Ex. 13) (citing Franklin v. State, 24 S.W.3d 686, 691 nn. 3-5 (Mo. 2000) (applying Strickland)). Upon consideration, the Court finds that the Missouri Court of Appeals decision was neither contrary to, or an unreasonable application of, the clearly established federal law enunciated in Strickland, nor an unreasonable determination of the facts. Accordingly, Petitioner's sixth claim for relief will be denied.

**Ground 14**

In Ground 14, Petitioner claims that the trial court erred when it prevented the defense from admitting evidence that Petitioner had fled to Canada because there was a contract out on his life. Petitioner contends that this evidence was not meant to be offered for its truth but instead to rebut

the inference made by the State that he fled to Canada to avoid prosecution.

On direct appeal, the Missouri Court of Appeals held as follows:

> In his first point, Defendant contends the trial court erred in sustaining State's objections and precluding Defendant from rebutting the incriminating inference State sought to draw from his going to Canada. Defendant claims this ruling deprived Defendant of his rights to present a defense, to due process, and to a fair trial.
>
> State argued that Defendant's flight to Canada evidenced a consciousness of guilt. Defendant wanted to rebut this inference by questioning Defendant's mother and Lieutenant Wes Simcox to create the alternative inference that Defendant fled to Canada because there was a contract on his life. The trial court excluded this evidence because it "would only be relevant if it actually happened" and it is hearsay.
>
> Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. State v. Crump, 986 S.W.2d 180, 188 (Mo. App. E.D. 1999). Courts generally exclude hearsay because out-of-court statements are not subject to cross-examination, are not offered under oath, and are not subject to the fact finder's ability to judge demeanor at the time the statements are made. Id.
>
> First, defense counsel questioned Defendant's mother regarding statements police made to her regarding the contract out for Defendant's life. Next defense counsel questioned Lieutenant Simcox who had heard from witnesses, including a lady named Peggy Cavenaugh, about the contract. These statements are all hearsay regarding the contract and do not fall into an exception for hearsay. Therefore, this Court finds the trial court did not plainly err in excluding the evidence. Point denied.

(Response, Doc. No. 6 Ex. 9 at pg. 6).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). On a review of a state court conviction, the federal court does not examine whether evidence was properly admitted under state law. Oliver v. Wood, 96 F.3d 1106, 1108 (8th Cir. 1996) citing Estelle v. McGuire, 502 U.S. 62, 68 (1991). State rulings about the admissibility of evidence "can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998) citing Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996). In making this determination, the Court must review the totality of the facts of the case pending before them and analyze the fairness of the particular trial under the circumstances. Keyes v. Bowersox, 230 F. Supp. 2d 971, 975 (E.D. Mo. 2002), citing Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir. 1988). Additionally, the burden on the Petitioner on this point is "much greater than that required on direct appeal and even greater than the showing of plain error." Owsley v. Bowersox, 47 F. Supp. 2d 1195, 1210 (W.D. Mo. 1999), quoting Mendoza v. Leapley, 5 F.3d 341, 342 (8th Cir. 1993)

Upon consideration, the Court finds not violation of Petitioner's due process rights. The excluded evidence did not negate any crucial factor that ultimately convicted petitioner. See Glaze v. Redman, 986 F.2d 1192, 1196 (8th Cir. 1993) (exclusion of hearsay evidence did not violate due process); Harrison v. Dahm, 880 F.2d 999, 1001 (8th Cir. 1989) (exclusion of hearsay testimony of witness was not a constitutional violation). The reason that he fled to Canada was a tangential issue, and excluding hearsay evidence about it did not prevent Petitioner from making a full defense. See Alcala v. Woodward, 334 F.3d 862, 877 (9th Cir. 2003) (holding state has strong interest in the use

of relevant and reliable evidence). Finally, the Court finds no prejudice occurred when the trial court excluded this evidence. Substantial evidence placed Petitioner at the crime scene, showed he had a bullet wound matching the one the perpetrator received, and showed he received his bullet wound at the crime scene. See Glaze, 986 F.3d at 1196 (overwhelming evidence of guilt supported holding of no due process violation). Petitioner's fourteenth ground of relief will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 7th day of December, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE